Hillsborough,
June 27, 1935.

E. J. CARON ENTERPRISES, INC.

*v.*

STATE OPERATING CO.

*Demond, Woodworth, Sulloway, Piper & Jones (Mr. Franklin Hollis orally)*, for the plaintiff.

*Warren, Wilson, McLaughlin & Bingham* (*Mr. Bingham* orally), for the defendant.

MARBLE, J. On May 1, 1930, the plaintiff leased to the defendant for the term of fourteen years and eleven months "the premises . . . known as the Vitaphone Theatre . . . with the appurtenances, together with the entrances and approaches to and exits therefrom, the marquee and electric sign in front of same, and also the furniture, equipment, and other articles of personal property used in connection with the operation and maintenance of said theatre."

The defendant ran the theater for about two months, then closed it and later removed from the leased premises to other theaters in Manchester and Nashua the furnishings including "two moving picture machines and everything that went with them," the "complete booth equipment and generator," an automatic ticket-selling machine five hundred electric light bulbs, carpets valued at approximately, $1,400, the stage curtain, which opened and closed from the booth "by a remote electrical control," and various rugs, mats, uniforms, draperies, film cabinets, lenses, lamps, reflectors, sound-reels, etc.

All this equipment, totaling over $9,000 in cost, was purchased by the plaintiff in 1929 for this particular theatre. Much of it was affixed in greater or less degree to the realty, and much of it was specially fitted with a view to its location in the demised premises. See 26 C. J. 668.

In view of these facts the only reasonable construction that can be given the language of the lease is that the contents of the theater "were to be treated as part of it for the purpose of the demise" whether attached to the realty or not. *Petre* v. *Ferrers,* 61 Law J. Ch. 426, 428. The phrase "in connection with the operation and maintenance of said theatre" is not (as the defendant contends) mere description but rather a restriction on the lessee's use.

The rule is well established that an unauthorized use of personal property by one who has a limited right to its possession may constitute conversion. *Gove* v. *Watson,* 61 N. H. 136; *Wentworth* v. *McDuffie,* 48 N. H. 402, 406; *Woodman* v. *Hubbard,* 25 N. H. 67, 71.

"Here the goods were . . . let to the tenant to be used, during the term, in a particular way, viz. in that particular place, and he, by his own act, put an end to that qualified possession. They are not in principle distinguishable from trees, which are parcel of the inheritance; to the use of which the tenant has only a qualified right during his term." *Farrant* v. *Thompson,* 5 B. & Ald. 826, 828.

It may be conceded that the rule ought not to apply to cases where the unauthorized use is inconsequential. But such is not the situation here. The removal of the property was neither temporary nor partial; it constituted in fact as well as in law a substantial invasion of the plaintiff's rights.

Nor did the acceptance of rent by the plaintiff after the bringing of the present action work an estoppel. The case does not differ in principle from those cases which hold that the receipt of rent by the landlord after the tenant has committed waste is not necessarily a waiver of the landlord's right to recover damages for waste, or of his right to maintain trover for the value of property severed by the tenant from the realty. 2 Underhill, L. & T., s. 447; *Brooks* v. *Rogers*, 101 Ala. 112, 126.

The motion for a nonsuit should be denied.

The purpose of an action of trover is not to obtain a return of the property, but to secure a money indemnity to the plaintiff for the property converted. Bowers, Conversion, s. 630, p. 460. Consequently the measure of damages is the value of the property at the time of the conversion with interest to the date of judgment. *Johnson* v. *Farr*, 60 N. H. 426, 428. The fact that the property in question, though used only in connection with the leased theater, would be greatly reduced in value by the end of the term does not mean that the plaintiff has suffered no damage. Removing the property, adjusting it to the requirements of the new theaters, and restoring it to the demised premises before the expiration of the lease must of necessity result in greater wear and tear. The lease contains a provision that the lessor "may enter to view" and may also enter for the purpose of expelling the lessee from the premises if the lessee "make or suffer any strip or waste thereof." The plaintiff makes the pertinent suggestion that during the term it has a right to insist that the property remain in proper condition as added protection against loss in case of the lessee's default. It further suggests that the defendant by leasing the plaintiff's theater has got rid of a competitor and has at the same time equipped other theaters at the plaintiff's expense. Since the defendant is not an "innocent converter" (*Hassam* v. *Company*, 82 Vt. 444, 455), it cannot recoup the estimated value of the use of the property in the demised premises for the term of the lease. *Wooden-Ware Co.* v. *United States*, 106 U. S. 432.

The application of the foregoing rules to the facts of the present case is accurately stated in the plaintiff's brief as follows: "If the

owners of other theatres would have paid $9,000 for the property to put in their houses, that was its value when put to that use . . . . It is the value of the property for the use made and which the defendant had no right to make which is recoverable. That this value was received by the defendant in addition to all its rights under the lease cannot be denied. The defendant does not appear here in the character of a party having equitable rights which are entitled to consideration. It is a wrongdoer who has sought to get illegitimate gains by converting the rights of the plaintiff. The defendant saw fit to abandon its right and to make a tortious use of the property. In that situation the general owner is entitled to recover the full value of the converted goods."

The question whether the defendant is entitled to a reduction in rent if the plaintiff recovers judgment in the present case and that judgment is satisfied is not here presented or decided.

*Case discharged.*

All concurred.